## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

**FOX & MELOFCHIK, L.L.C.**
Copper Gables Professional Building
1001 Deal Road
Ocean, New Jersey 07712
(732) 493-9400
By: Gary E. Fox, Esq. (GF-7275)
garyfox@jerseylawoffice.com
Attorneys for Creditor, Fox & Melofchik, L.L.C.

|  |  |
|---|---|
| IN THE MATTER OF: | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| ELLIOTT KOPLITZ, | Case No. 13-21363(KCF) |
|  | Hon. Kathryn C. Ferguson |
| Debtor. | Chapter 11 |
|  | (Jointly Administered with Case No. 13-19800-KCF) |
| In Re: |  |
|  | Adversary No.: _____ |
| 23 SEAVIEW HOLDINGS, LLC, |  |
| Debtor. |  |
| FOX & MELOFCHIK, LLC, |  |
| Plaintiff, |  |
| v. | **ADVERSARIAL COMPLAINT** |
| ELLIOTT KOPLITZ; MARSHALL KOPLITZ; NORWOOD ROOSEVELT REALTY CORP.; 22 OCEAN HALFWAY HOLDINGS, LLC; SUNSET MANSION, LLC; 18 OCEAN PATHWAY |  |

HOLDINGS, LLC;                    :
OCEANVIEW INN,                    :
LIMITED; UNIVERSITY              :
PROPERTY                          :
MANAGEMENT, LLC; EK              :
SAMPLER, LLC; 23                 :
SEAVIEW HOLDINGS, LLC;   :
and PETER OUDA,                   :
                                  :
         Defendants.              :
                                  :
                                  :
                                  :
                                  :
                                  :
                                  :
                                  :
                                  :
                                  :
                                  :
                                  :
                                  :
                                  :

Plaintiff, through its Complaint in this action, states as follows:

1.      Plaintiff, Fox & Melofchik, L.L.C. is a law firm that is a validly established and existing Limited Liability Company in the State of New Jersey.  It is the successor in interest to a number of law firms including Law Offices of Gary E. Fox, L.L.C., Fox & LaMantia, L.L.C., Fox & Gemma, L.L.C., and Gary E. Fox, P.C.

2.      Defendants, Elliott Koplitz and 23 Seaview Holdings, LLC are the debtors in a jointly administrated Chapter 11 proceeding with the Case Numbers 13-21363 (KCF) and 13-19800 (KCF).

3.      From October 26, 1998 until November, 2011, Elliott Koplitz (Hereinafter referred as "EK") owned and operated various pieces of real property in his own

2

name personally or in the name of various entities (including all of the entities named as Defendants).

4.      EK managed this real property through University Property Management, LLC. (Hereinafter referred to as "UPM").

5.      Marshall Koplitz (hereinafter referred to as "MK") was the Chief Operating Officer of UPM and was the actual and apparent agent of EK.

6.      Beginning on October 26, 1998 and continuing until November, 2011 EK hired Plaintiff and his predecessor law firms in order to obtain legal representation in multiple legal matters that benefited all of the above Defendants (with the exception of Peter Ouda) .

7.      Plaintiff and his predecessor law firms set up a book account for EK.

8.      Multiple legal matters were handled by Plaintiff or its predecessor law firms at the request of EK and all of the other Defendants (with the exception of Peter Ouda).

9.      Plaintiff and its predecessor law firms provided services to Defendants (with the exception of Peter Ouda) in accordance with the parties' agreement,  and Defendant EK agreed to pay Plaintiff and its predecessor law firms for services at the Plaintiff's and employees hourly rates and to reimburse Plaintiff and its predecessor law firms for any out of pocket disbursements.

10.     Ninety-two separate invoices were sent to EK from May, 1999 through and including November 8, 2011.  These invoices gave detailed time and billing information as well as accounting for all payments made by the Defendants on the

3

open book account.  The balance owed by Defendants (with the exception of Peter Ouda) is $926,063.99 on said book account.

11.    All of the services performed were both reasonable and necessary in representing the Defendants (with the exception of Peter Ouda) in the various matters and complying with their instructions.  All of the hourly rates were reasonable under the circumstances.  The quantum meruit value of the services performed for the benefit of the Defendants (with the exception of Peter Ouda) is $926,063.99.

12.    The last payment the Defendants (with the exception of Peter Ouda) made on this open book account was on August 12, 2009 in the amount of $17,500.00.

13.    Pursuant to R. 1:28-6 a fee arbitration letter had previously been sent to EK and MK.  No fee arbitration was requested by either of those Defendants.

14.    In December, 2004, EK and MK provided Plaintiff or its predecessor law firms with a written false and fraudulent financial statement/balance sheet purportedly showing that EK was worth in excess of $10,000,000.00.  This was sent to Plaintiff's predecessor in order to obtain additional legal services, and, additionally, in order to extend the credit on the then outstanding bill of approximately $422,000.00.  Plaintiff's predecessors and Plaintiff reasonably relied upon the materially false statement in writing.

15.    In addition, EK and Peter Ouda, between October, 2006 and November, 2011 repeatedly made false representations that Plaintiff's outstanding receivable would be paid from the proceeds of a law suit EK had pending against another

attorney (Richard Stone, Esq.). These false representations were made in order

that Plaintiff would continue to provide an extension of credit to the Defendants

(with the exception of Peter Ouda) and so that Plaintiff would continue to provide

additional legal services to the Defendants (with the exception of Peter Ouda).

These representations were false and fraudulent. The Stone suit was settled and

Defendants EK and Ouda violated the promises made and paid nothing to

Plaintiff.

16.     The actions of EK violate 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523

(a)(2)(B).

17.     Plaintiff contends that these debts are non-dischargeable. As a result, the

Court should enter an order preventing the discharge of said debts owed by the

Defendants to Plaintiff.

18.     In addition, Plaintiff seeks an order reducing its claims to a money

judgment against all of the Defendants.

19.     This Court has jurisdiction of this action pursuant to 20 U.S.C. §1334(b).

This is a proceeding arising under Title 11 of the United States Bankruptcy Code.

This is a core proceeding under 28 U.S.C. §157.

WHEREFORE, Plaintiff demands that judgment be enters as follows:

A.     Setting forth a money judgment in favor of Plaintiff and against the

Defendants in an amount deemed appropriate and proper by this

Court.

B.     For pre-judgment interest.

C.    Declaring that the debts owed by EK and 23 Seaview Holdings, LLC

are non-dischargeable.

D.    For attorney's fees and costs of suit.

FOX & MELOFCHIK, L.L.C.
Attorneys for Plaintiff

Dated: September 16, 2013

_____
GARY E. FOX, ESQ.

6

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
| --- | --- | --- |
| NAME OF DEBTOR *Elliott Riapl.SA*<br>*23 Seaview Holdings, LLC +* | BANKRUPTCY CASE NO.<br>*13-19800 + 13-21363* | |
| DISTRICT IN WHICH CASE IS PENDING<br>*New Jersey* | DIVISION OFFICE<br>*Trenton* | NAME OF JUDGE<br>*KCF* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.