# BARRY E. LEVINE, LLC
### *ATTORNEY AT LAW*
*Powder Mill Plaza*
101 Gibraltar Drive, Suite 2-F
Morris Plains, New Jersey 07950
Telephone: (973) 538-2084
Fax: (973) 538-8227

**Rockaway Office:**
20 West Main Street
Rockaway, NJ 07866

**Please Respond to:**
Morris Plains

E-Mail: BLevine@blevinelaw.com
www.Blevinelaw.com

March 26, 2014

Kathryn C. Ferguson, U.S.B.J.
**United States Bankruptcy Court**
U.S. Courthouse, 3rd Floor
402 East State Street
Trenton, New Jersey  08608

Re:  Fox v. Koplitz, et als.
     **Docket Number:  13-1928 (KCF)**
     **Our File Number:  3596**

Dear Judge Ferguson:

    This letter is written in reply to Plaintiff's opposition to our Motion to Dismiss the above-captioned adversary proceeding as against defendant, Peter A. Ouda, Esq.  This sets forth an additional reason this action should be dismissed.

    Attached to this letter is Mr. Ouda's Certification with supporting exhibit.  This Certification concerns a state court action brought by Mr. Fox prior to the filing of this bankruptcy petition, and reveals that Mr. Fox was pursuing a state court remedy for the same alleged damages he is seeking in his adversary proceeding against the non-debtor defendants, except for Mr. Ouda.  He voluntarily stayed that action, advised the state court judge that the matter would proceed after the disposition of Mr. Elliot Koplitz's bankruptcy, and sought Mr. Ouda's consent to do so, which was granted.  He then filed the instant proceeding, and joined Mr. Ouda for the first time.

    He had the opportunity to bring an action against Mr. Ouda in that suit, and chose not to do so.  He should be estopped from doing so now.

Respectfully Submitted,

/s/ Barry E. Levine

BARRY E. LEVINE

BEL:dmz

Cc: Gary E. Fox, Esq. (Via Fax to: 732-493-5006)
Peter A. Ouda, Esq. (Via Fax to: 908-927-9907)
Graig P. Corveleyn, Esq. (Via Fax to: 973-243-8677)
Michael D. Baer, Esq. (Via Fax to: 201-842-3606)
Adam Adrignolo, Esq. (Via Fax to: 973-292-1767)

BARRY E. LEVINE, LLC
101 Gibraltar Drive
Suite 2F
Morris Plains, New Jersey  07950
973-538-2084
Attorney for Defendant,
Peter Ouda

| | |
|---|---|
| In Re:<br><br>KOPLITZ, ELLIOTT,<br><br>Debtor.<br><br>FOX & MELOFCHIK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ELLIOT KOPLITZ, 23 SEAVIEW HOLDINGS, LLC, et al.,<br><br>Defendants. | Case No.: 13-21363(KCF)<br><br>Judge: Kathryn C. Ferguson, U.S.B.J.<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 13-19800(KCF))<br><br>Adv. Pro. No. 13-1928(KCF) |

### CERTIFICATION OF PETER A. OUDA, ESQ. IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT

I, Peter A. Ouda, Esq. being of full age hereby certify to the following:

1. I am a defendant in the above captioned matter. I make this reply certification in support of the pending motion to dismiss for lack of subject matter jurisdiction and to dismiss for failure to state a claim. The identical certification is being submitted on behalf of Marshall Koplitz and the entities who are defendants in this case.

{00581052;v1}

2. Although I believe that Fox & Melofchik have raised no serious opposition to the pending motion, I wish to add some important facts that were unearthed when we were preparing for the recent deposition of Mr. Fox. I enclose a letter written by Mr. Fox to the Monmouth County Superior Court.( **EXHIBIT A**).

3. In that case, Elliott Koplitz and Marshall Koplitz were sued for the fees that are the subject of this adversary proceeding. That suit was filed in January 2012. I was not added to that suit and neither were any of the corporate defendants in this case. This is somewhat remarkable given the allegations of the adversary complaint that all of the defendants in this case committed fraud against Fox & Melofchik which fraud was discovery in 2011.

4. I enclose Mr. Fox's letter to show the court that the jurisdiction for any claims other than the Section 523 claim resides in the state court alone, where he originally filed suit seeking the exact same damages that he is now seeking. The fact is that after the bankruptcy was filed in May 2013, Mr Fox advised the Monmouth County Court that the matter would continue in state court after the bankruptcy was concluded. Mr. Fox personally reached out to me to obtain my consent for him to author that letter and I gave my consent. Therefore, Mr. Fox should be estopped from taking the position that now this court has jurisdiction to hear any claims other than those asserted against Elliott Koplitz. I would not have given my consent to terminate that case in Monmouth County that was pending for 18 months, to allow Mr. Fox to file another lawsuit against me in the bankruptcy Court.

5. For all of the reasons set forth above the motion must be granted. This court does not have any jurisdiction over the defendants other than Elliott Koplitz.

{00581052;v1}

I hereby certify that the statements are true and if they are willfully false, I am subject to punishment.

*[signature]*
PETER A. DUDA

Dated: March 26, 2014

{00581052;v1}

# Fox & Melofchik, L.L.C.
A LIMITED LIABILITY COMPANY

COPPER GABLES PROFESSIONAL BUILDING
1001 DEAL ROAD
OCEAN, NEW JERSEY 07712

GARY E. FOX, ESQ.
(garyfox@jerseylawoffice.com)
DENNIS J. MELOFCHIK, ESQ.
(dennismelofchik@jerseylawoffice.com)

TELEPHONE (732) 493-9400
FAX (732) 493-5006
WEBSITE: jerseylawoffice.com
(foxandmelofchikllc@jerseylawoffice.com)

June 21, 2013

VIA FACSIMILE (732) 677-4368
The Honorable Tricia Louis, J.S.C.
Superior Court of New Jersey
Monmouth County Courthouse
71 Monument Park
Freehold, New Jersey 07728
ATTN: Lynn

RE: Fox & Melofchik vs. Marshall Koplitz
Docket No. MON-L-377-12

Dear Sir/Madam:

I represent Plaintiff on the above referenced matter. As you know one of the two Defendants has recently filed for Bankruptcy. Marshall Koplitz has not. The Complaint contends that each Defendant is individually responsible for the same debt. However, the Bankruptcy proceedings that are pending may have an impact on this case. As such, I have spoken to Defendant's attorney, Peter Ouda, regarding this matter.

It has been agreed by this office as well as Mr. Ouda that a Stipulation of Dismissal Without Prejudice and on terms will be shortly submitted to the Court as to this case. The terms are as follows:

1. This matter may be reopened within thirty (30) days of the final disposition of the Elliott Koplitz Bankruptcy.

2. All Orders previously entered in the case will remain effective in the reopened, reinstituted or refiled case.

3. No further discovery will be allowed if the case is reopened, reinstituted, or refiled.

4. The Statute of Limitations is tolled effective on the date of the filing of this Complaint. The filing of the Stipulation of Dismissal Without

A

Prejudice will have no impact on the Statute of Limitations as it existed on the filing date of the original Complaint.

I am in the process of creating the pleading which I will then circulate to Mr. Ouda for his signature and then file with the Court. As such, neither Mr. Ouda nor this office will appear for trial on **Monday, June 24, 2013**.

Thank you for your attention and assistance with this matter.

Very truly yours,

Gary E. Fox, Esq.

GEF/gs
cc:   Peter Ouda, Esq., **via facsimile 908-927-9907**